UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 1:23-mc-<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, an Internet Service Provider located in Mountain View, CA, to disclose certain records and other information pertaining to the email account(s): bobby03060@gmail.com. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Attachment A.

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating firearms-related offenses, including the possession and manufacture of firearms in violation of the National Firearm Act ("NFA") 26 U.S.C. §§ 5801 et. seq. This investigation also includes the following crimes: Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §922(g)(1), Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861, and Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §841(a)(1).

5. On December 5, 2023, Robert Reidy was arrested after a standoff with police at his home in Nashua, New Hampshire. Robert Reidy is a convicted felon and therefore prohibited from possessing firearms. In the location within the home where Reidy was believed to have been hiding, police located several disassembled firearms including a short-barreled (11.5" long barrel) rifle, a silencer, and three other firearms. A computer and two cell phones attributed to Reidy were also discovered, as well as tools that would assist in the private manufacture of firearms, such as a drill press and a vice clamp. Reidy was also found with a large amount of narcotics secreted in a body cavity during his booking. The short-barreled rifle and silencer would have had to have been serialized and registered pursuant to the NFA. Neither

the short-barreled rifle, nor the silencer, bore serial numbers, and a query of the National Firearms Registration Transfer Record shows no firearms related to or registered to Robert REIDY, therefore making these items illegally possessed.

6.  As part of the investigation that led to the search warrant at Reidy's home on December 5, 2023, Reidy is recorded on audio/video recordings in November of 2023, where he is observed making admissions to manufacturing and selling illegal firearms, states that he receives guidance in the manufacturing process from another individual, and states that he purchases the gun parts "online." Nashua Police Department's in-house booking system lists bobby03060@gmail.com as Reidy's email address. This information is routinely collected during the booking process, and this email address was in the Nashua Police system from a previous encounter with Reidy. Firearm parts dealers often will use email to communicate shipping and order confirmations, such as other online merchants. The requested information, including but not limited to IP logs, account activity, web search history, and downloaded/installed/purchased apps could aid in determining which websites Reidy was using to purchase parts for illegal firearm manufacture. Other requested information, such as identifiers of associated devices, could tell us which electronic devices Reidy was using, and other information, such as google voice records, contact information, or other information, could provide valuable insight to potentially aid in identification of co-conspirators and disruption of related criminal endeavors.

<u>REQUEST FOR ORDER</u>

7.  The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United

States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Attachment A to the proposed Order.

8. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Attachment A, of the existence of the Order until one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                       Respectfully submitted,

                                       JANE E. YOUNG
                                       United States Attorney

Dated: December 29, 2023            /s/ Tiffany Scanlon
                                       Tiffany Scanlon
                                       Assistant United States Attorney
                                       MA State Bar # 684491
                                       53 Pleasant Street, 4th floor
                                       Concord, NH  03301